# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

| | | |
|---|---|---|
| TINA HARO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Action No. 5:15-cv-00570** |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| CONVERGENT OUTSOURCING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

## I.      INTRODUCTION

1.      This action is brought by Plaintiff Tina Haro for actual damages, statutory damages, and civil penalties against Defendant Convergent Outsourcing, Inc., for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and requires the communication of specific statutory rights, and the North Carolina Collection Agency Act, N.C.G.S. § 58-70-90 *et seq* ("NCCAA").

## II.      JURISDICTION

2.      Venue is proper in this district as all relevant events took place here.

3.      Jurisdiction for the District Court for the Eastern District of North Carolina arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  Jurisdiction over state law claims arises under 28 U.S.C. § 1367.

III.    **PARTIES**

4.      Plaintiff Tina Haro is an individual who previously resided in Fayetteville, North Carolina, and currently resides in Little River, South Carolina.

5.      Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the NCCAA, N.C.G.S. § 58-70-90(2).

6.      Defendant Convergent Outsourcing, Inc. is a corporation and collection agency located in Renton, Washington.

7.      Defendant is engaged in the collection of debts from North Carolina consumers using the mail and telephone.

8.      Defendant regularly attempts to collect consumer debts alleged to be due to another.

9.      Defendant engages, directly or indirectly, in debt collection from consumers.

10.     Defendant holds a collection agency license from the North Carolina Department of Insurance, as required by N.C.G.S. § 58-70-1.

11.     Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

12.     Defendant was and is a "collection agency" as defined by N.C.G.S. §§ 58-70-15(a) and 90(1).

IV.    **FACTUAL ALLEGATIONS**

13.     Ms. Haro purchased household goods for her personal use from Seventh Avenue.

14.     Ms. Haro was unable to maintain payments to pay for the household goods from Seventh Avenue, resulting in a balance allegedly owed ("the Debt").

15.     The Debt was incurred for personal, family, or household purposes, *i.e.*, household goods for Ms. Haro's personal use.

16.     Defendant obtained the Debt after it entered default.

17.     By correspondence dated October 28, 2014, Defendant arranged for the preparation and transmittal of a letter to Ms. Haro at her former residence in Fayetteville, North Carolina, in an attempt to collect the Debt. Defendant's October 28, 2014 letter to Ms. Haro is attached hereto as Exhibit A.

18.     Exhibit A contains:

This notice is being sent to you by a collection agency. The records of Seventh Avenue show that your account has a past due balance of $2,664.33.

Exhibit A.

19.     The front side of Exhibit A (Page 1 of Exhibit A, as attached here) directs the reader to the reverse side "for important consumer information."

20.     The reverse side of Exhibit A states:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Exhibit A.

21.    Exhibit A was the initial communication from Defendant to Ms. Haro regarding the Debt.

22.    Exhibit A does not communicate that a written dispute will result in Defendant obtaining verification or a copy of a judgment and sending it to Ms. Haro.

23.    "In interpreting the demands of the FDCPA, we bear in mind that the statute was enacted 'to eliminate abusive debt collection practices' which 'contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.' 15 U.S.C. § 1692(a), (e)." *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991).

24.    Section 1692g(a) expressly requires all debt collectors to communicate five pieces of information to every consumer.

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

25.     Section 1692g(b) explains the effect of a written dispute made pursuant to Section 1692g(a)(4).

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).

26.     By failing to tell Ms. Haro that a request for verification must be made "in writing" (as required by Section 1692g(a)(4)), in order to receive verification, Defendant failed to communicate information to Ms. Haro that is required by the FDCPA. The failure to communicate the information required by Section 1692g(a)(4) could have a serious effect on a consumer such as Ms. Haro, because she would not know that only a written dispute would require Defendant both 1) to send verification; and 2) to cease collection efforts in line with Section 1692g(b). Indeed, "most individual consumers are unaware of their rights under the FDCPA." *Schwarm v. Craighead*, 233 F.R.D. 655, 664 (E.D.Cal. 2006). *See also Acik v. I.C. System, Inc.*, 251 F.R.D. 332, 337 (N.D.Ill. 2008); *Osborn v. Ekpsz*, 821 F.Supp.2d 859, 870 (S.D.Tex. 2011).

27. "Every district court to consider the issue has held that a debt collector violates §1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing. *See*, *e.g.*, *Bicking*, 2011 U.S. Dist. LEXIS 48623, 2011 WL 1740156, *3-4 (E.D. Va. May 5, 2011); *Beasley v. Sessoms & Rogers, P.A.*, 2010 U.S. Dist. LEXIS 52010, 2010 WL 1980083, at *6-7 (E.D.N.C. Mar. 1, 2010); [four additional cases omitted]." *Osborn*, 821 F.Supp.2d at 870.

28. By attempting to collect a debt while at the same time failing to communicate information expressly required by the FDCPA to be communicated to the consumer, Defendant attempted to collect a debt deceptively and misleadingly.

29. Plaintiff demands a trial by jury over all claims.

## V.    COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

31. Defendant's violations of the FDCPA include, but are not limited to:

A) failing to inform consumers that their request for verification of the alleged debt must be "in writing" in violation of 15 U.S.C. § 1692g(a)(4); and

B) using any false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10).

32. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs, and reasonable attorney fees.

## VI.    COUNT TWO – NORTH CAROLINA COLLECTION AGENCY ACT

33.    Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

34.    Defendant's violations of the NCCAA include, but are not limited to attempting to collect a debt by any fraudulent, deceptive or misleading representation, in violation of N.C.G.S. § 58-70-110.

35.    As a result of Defendant's violations of the NCCAA, Plaintiff is entitled to an award of actual damages, civil penalties, costs, and reasonable attorney fees.

## VII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff Tina Haro requests that judgment be entered in her favor against Defendant Convergent Outsourcing, Inc. for:

1.    Actual damages in an amount to be determined by a jury;

2.    Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2) for violations alleged in Count One;

3.    Civil penalties of $4,000.00 pursuant to N.C.G.S. § 58-70-130(b) for each violation alleged in Count Two;

4.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

5.    For such other relief as the Court may find to be just and proper.

Dated: October 27, 2015

/s/ Craig M. Shapiro
Craig M. Shapiro

Attorney for Plaintiff
Law Offices of John T. Orcutt, P.C.
6616 Six Forks Road, Suite 203
Raleigh, North Carolina 27615
Telephone: (919) 847-9750
Fax: (919) 847-3439
Email: cshapiro@johnorcutt.com
State Bar No. 48887